**FILED**
**U.S. District Court**
**District of Kansas**
05/07/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHNNY LEE BALDWIN,

     **Plaintiff,**

     v.                                    CASE NO.  26-3027-JWL

MATHEW NEWTON, et al.,

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Saline County Jail in Salina, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  On March 18, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") ordering Plaintiff to show good cause why this action should not be dismissed or stayed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's Motion for Change of Venue (Doc. 7).

Plaintiff's factual allegations are set forth in detail in the MOSC.  In summary, Plaintiff's claims relate to his state criminal proceedings.  *See State v. Baldwin*, Case No. SA-2025-CR-000643 (District Court of Saline County, Kansas) (filed October 3, 2025).  Plaintiff names as defendants:  Mathew Newton, Corporal, Salina Police Department; Andrew Couch, Saline County District Attorney; Saline County, Kansas; and the Salina Police Department.  For relief, Plaintiff seeks an OR bond with ankle monitor, all charges dropped, and $500,000 in damages.

The Court ordered Plaintiff to show good cause why the Court the Court should not be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state

1

proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Plaintiff's state criminal proceedings are pending.  *See State v. Baldwin*, Case No. SA-2025-CR-000643 (District Court of Saline County, Kansas) (filed October 3, 2025).  On March 26, 2026, the state court entered a Journal Entry finding that Plaintiff "should be committed to Larned State Security Hospital,[1] Larned, Kansas, for further evaluation and treatment pursuant to K.S.A. 22-3303."  *Id*. at March 26, 2026 Journal Entry.[2]

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *see also Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).  The Court will stay this case until Plaintiff's state court criminal proceedings have concluded.

Plaintiff has filed a motion for change of venue (Doc. 7).  Plaintiff alleges that the state court and the state prosecutor have a conflict of interest.  In the motion, Plaintiff states that he

---

[1]  The order refers to the Larned State Security Hospital.  The Larned State Hospital is a psychiatric hospital comprised of three distinct programs, including the State Security Program (SSP).  *See*  https://www.larnedcares.com/about-us (last visited May 6, 2026).

[2]  The Journal Entry was entered in Case Nos. SA-2025-CR-000643, SA-2025-CR-000174, and SA-2024-CR-000627.

ordered a transcript from the state court and has "still not received [his] court transcripts." (Doc. 7, at 2.)   The docket in Plaintiff's state court criminal case includes entries by the state court transcriptionist certifying that on March 26, 2026, she completed and delivered to Plaintiff the transcripts for Plaintiff's February 4, 2026 Preliminary Hearing and February 11, 2026 Status Hearing. *See   State v. Baldwin*, Case No. SA-2025-CR-000643, March 26, 2026 Certificates of Completion of Transcript (District Court of Saline County, Kansas).

Plaintiff's motion seeking a change of venue is denied.  This Court is abstaining from hearing Plaintiff's claims until his state court criminal proceedings have concluded.  Any request for a change of venue in his state criminal case should be filed and addressed in that case.  This case has not passed screening and any request for subpoenas in this case is denied as premature. *See* Doc. 6 (request for subpoenas).

The Court will stay this case pending resolution of Plaintiff's ongoing state court criminal proceedings.  Plaintiff should notify the Court when all of his state court criminal proceedings have concluded.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Change of Venue (Doc. 7) and request for subpoenas (Doc. 6) are **denied.**

**IT IS FURTHER ORDERED** that this matter is **stayed** pending resolution of Plaintiff's pending state court criminal proceedings.

**IT IS FURTHER ORDERED** that on or before **June 26, 2026,**  Plaintiff shall file a status report with the Court indicating the status of his state court criminal proceedings.  Plaintiff should notify the Court as soon as his state criminal proceedings have concluded.

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff a copy of this Memorandum and Order at his current address of record at the Saline County Jail, and another copy to Plaintiff at the Larned State Hospital.

**IT IS SO ORDERED**.

**Dated May 7, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**